WILLIAM D. KEENAN

v.

WESTINGHOUSE ELEVATOR COMPANY

No. 0690-89-4

Decided April 24, 1990

COUNSEL

Peter C. DePaolis (Koonz, McKenney & Johnson, P.C., on brief), for appellant.

Michael P. Chervenak (Ford, Chervenak & Foote, on brief), for appellee.

OPINION

**COLEMAN, J.**—The sole issue presented by this appeal from the Industrial Commission is whether a claimant's withdrawal of an "Application for Hearing" also serves to withdraw the claim. The commission held that it did, and as a consequence ruled that when the claimant filed a second "Application for Hearing," the claim was barred by the two year limitation of Code § 65.1-87. We reverse the commission's finding because the facts do not show that the claimant withdrew his claim or that the commission dismissed it. Accordingly, we reverse the commission's holding that it lacked jurisdiction and remand the claim for further hearings.

Code § 65.1-87 provides that the right to compensation under the Workers' Compensation Act is forever barred "unless *a claim* be filed" with the Industrial Commission within two years after the injury by accident. Neither the Act nor the commission's rules specify a particular method or form for filing a claim. In keeping with the policy that formal pleadings are not required in matters before the commission, the filing of various documents with the commission has been held sufficient to constitute the filing of a "claim." The "Application for Hearing" form which the commission adopted in order to set in motion the adjudicatory process before the commission under Code § 65.1-94 is sufficient, and is frequently used, to file a claim, but the filing of less formal documents, such as letters sent to the commission from claimants or their attorneys, or informal notices styled as "claims," or even letters from the employer's attorney, have been held sufficient to meet the requirement for filing a claim. *See, e.g., Chalkley v. Nolde Bros.*, 186 Va. 900, 911, 45 S.E.2d 297, 301 (1947).

On February 27, 1987, the claimant, by counsel, filed his claim with the Industrial Commission, not on an "Application for Hearing" form provided by the commission, but by a letter from coun-

sel and a form prepared by counsel styled, "Claim and Agreement to Retain Counsel." The claim form filed by counsel alleged that the claimant sustained an accidental injury on May 26, 1986, "for which workers' compensation may be due." The form identified the claimant, the employer and its address, and the date and nature of the injury, and this information sufficed to satisfy the filing requirements. *See id.* The employer previously had filed a first report of accident on September 15, 1986. On December 7, 1987, the claimant filed an "Application for Hearing" on the pre-printed form provided by the commission, requesting that the claim be scheduled for a hearing. The commission set the case on its hearing docket for March 16, 1988. The claimant thereafter withdrew the "Application for Hearing," presumably because he had no medical evidence which related the injury to an incident at work. The commission entered an order on March 28, 1988, which provided that the hearing would "not take place" because the applicant had "withdrawn the application." The order further stated, "The hearing is therefore cancelled and this case is ORDERED from the hearing docket." The order made no reference to the claim being withdrawn or dismissed.

On August 31, 1988, claimant's counsel filed a second "Application for Hearing," designating on the commission's printed form, "Change in Condition (To Reopen Case)." The commission ruled that, because no award previously had been entered, the application could not be for a hearing to consider a change in condition; the commission treated the application as the filing of a claim. The commission thereupon ruled that the earlier request to withdraw the "Application for Hearing" constituted a withdrawal of the claim, and that the effort to refile the claim more than two years after the alleged accidental injury of May 26, 1986, was barred by the two year limitation of Code § 65.1-87.

The commission stated that it has "consistently held that the withdrawal of an application at the request of the claimant has the same effect as if though an application had not been filed," citing its opinions in *Brown v. Eastern Isles Manufacturing Corporation,* 52 O.I.C. 44 (1970), and *Kenney v. Pancake Kitchens, Inc.,* 48 O.I.C. 147 (1966). The commission further held that its order of March 28, 1988, "stated that *the claim* had been withdrawn and the case was ordered from the docket." (emphasis added).

The commission's order entered following claimant's withdrawal of the "Application for Hearing" stated that "the scheduled hearing should not take place" because "[t]he applicant has *withdrawn the application.*" The order also provided that "[t]he hearing is therefore cancelled and this case is ORDERED from the *hearing* docket." (emphasis added). Contrary to the finding of the commission, the order did not find that the applicant had withdrawn "the claim," but rather stated that the claimant had "withdrawn the application" for hearing. Likewise, the order did not order the case removed from the commission's docket, but rather "cancelled" the hearing and ordered the case from the "hearing docket." Nothing in the record establishes that the claimant withdrew or intended to withdraw his claim, or that the commission ordered that the claim be dismissed. Instead, the record establishes that the claimant merely withdrew his "Application for Hearing," which in this instance was not the vehicle by which his claim was filed. The commission did no more than cancel the hearing and remove the case from its hearing docket. If the commission is unwilling to grant claimants continuances of hearings upon request or only upon showing good cause, it is not required to allow the claimants to withdraw an "Application for Hearing." However, the commission cannot hold that a claimant has withdrawn a "claim" absent a clear showing that the claim has been withdrawn.

The commission misapplied its established principle "that the withdrawal of an application at the request of the claimant has the same effect as if though an application had not been filed." Keenan's "claim" was filed when counsel filed the "Claim and Agreement to Retain Counsel" form with the commission. When the "Application for Hearing" was withdrawn, it was as if the "Application for Hearing" had not been filed; the "claim," however, was still pending and had not been withdrawn or dismissed.

The Supreme Court's denial of a writ of error in *Kenney* and the commission's opinion in *Brown* provide no support for its holding. In both cases the "Application for Hearing" served as the vehicle for filing the claim. Withdrawal of the application in *Brown* and the dismissal of the application in *Kenney* for failure of the claimant to appear and prosecute his claim effectively withdrew or dismissed the claims in those cases. Therefore, before these "claims" could be considered, the "claims" had to be refiled

within the statutory time limitation; otherwise, the commission was barred from hearing the claim.

We hold that withdrawal of an "Application for Hearing," where the "Application" did not serve to file the "claim," does not constitute withdrawal of the claim. Thus, in the absence of an order from the commission dismissing the claim for failure to prosecute, the commission has jurisdiction to hear the pending claim. Accordingly, we hold that the commission has jurisdiction to hear the claim and remand the case for further proceedings.

*Reversed and remanded.*

Baker, J., and Duff, J., concurred.