COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis

KATHY A. McCLANNAN SEXTON

v.   Record No. 1989-94-1                    MEMORANDUM OPINION[*]
                                             PER CURIAM
SENTARA NORFOLK GENERAL HOSPITAL             MAY 2, 1995
AND
VIRGINIA INSURANCE RECIPROCAL


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Karen M. Rye, on brief), for appellant.

          (George J. Dancigers; Colleen T. Dickerson; Heilig,
          McKenry, Fraim & Lollar, on brief), for appellees.



     Kathy A. McClannan Sexton contends that the Workers'

Compensation Commission erred in finding that (1) the Employee

Occurrence Report filed by Sentara Norfolk General Hospital

("employer") with the commission did not constitute the filing of

a timely claim by Sexton; (2) employer was not precluded by the

doctrine of imposition from relying upon the statute of

limitations; and (3) employer was not equitably estopped from

relying upon the statute of limitations.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we construe the evidence in the light most

favorable to the party prevailing below.  R.G. Moore Bldg. Corp.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that Sexton's evidence proved that she filed a timely claim with the commission or that imposition or equitable estoppel precluded employer from relying upon the statute of limitations, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On December 13, 1989, Sexton sustained a compensable left arm injury while working for employer as a maintenance mechanic. She reported the injury to her supervisor and completed an Employee Occurrence Report ("occurrence report"). On January 18, 1990, employer filed a First Report of Accident with the commission and attached to it the occurrence report. Employer voluntarily paid compensation benefits to Sexton from December 18, 1989 through March 19, 1990 and from September 11, 1990 through December 13, 1991.

On January 30, 1990, the commission mailed a Notification Letter ("the blue letter") and a Workers' Compensation Guide to Sexton at her address of record. Sexton denied that she received these documents. These documents were not returned to the commission. Sexton admitted that she received compensation payments mailed to her address.

On March 22, 1990, the insurer mailed a memorandum of agreement and agreed statement of fact to Sexton. These documents were not returned to the insurer or employer. Sexton

2

denied that she received these documents.

On March 11, 1991, employer wrote to Sexton advising her that her employment was terminated due to her long absence. The letter specified that "this action does not affect your benefits for your current claim under Workmen's Compensation." Sexton admitted that she received this letter. She testified that the quoted-language indicated to her that her workers' compensation claim would be paid.

Sexton further admitted that she received an October 25, 1991 letter from the insurer directing her to an independent medical examination. Sexton admitted that she received a memorandum of agreement, agreed statement of fact, and supplemental memorandum of agreement with this letter. The letter instructed her to sign the documents and return them to the insurer. Sexton took these documents to two attorneys. The first attorney told her she did not have a case. The second attorney told her to sign and return the documents. Sexton did not sign or return the documents.

By letter dated December 16, 1991, the insurer advised Sexton that because she had failed to sign and return the memorandum of agreement within two years of the date of her accident, the employer would no longer voluntarily accept responsibility for any matters relating to her accident. After Sexton received this letter, she signed the agreements and filed them with the commission on December 20, 1991. On January 28,

1992, Sexton's counsel filed a claim on her behalf.

## I. Employee Occurrence Report

"Code § 65.1-87 [now Code § 65.2-601] provides that the right to compensation under the Workers' Compensation Act is forever barred 'unless a claim be filed with the . . . Commission within two years after the injury by accident.'" Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 233, 391 S.E.2d 342, 343 (1990). It is undisputed that the claim filed by Sexton's attorney on January 28, 1992 was not timely. Instead, Sexton argued that the employer's January 18, 1990 filing of the occurrence report constituted the timely filing of a claim on her behalf. This argument is without merit.

"[T]he employee did not satisfy the requirement that [a] claim be filed with the commission." Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993). The occurrence report that the employer attached to its first report of accident did not apprise the commission that a claim was being made on behalf of the employee. Thus, the commission did not err in finding that employer's filing of the occurrence report did not constitute the filing of a timely claim by Sexton.

## II. Imposition

"'Imposition' . . . empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has

4

been shown." Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992). The commission made the following findings:

> It is uncontroverted that the employer filed the First Report of Accident with the Commission on January 18, 1990 and that on January 30, 1990 the "Blue Letter" and guide were mailed to [Sexton]. While Sexton contends that she never received these instructions, we find there is sufficient evidence in the record to support the Deputy's finding to the contrary. Specifically, over the months, Sexton at that address received her compensation benefits and therefore we must conclude that her allegation of selective receipt of mail sent to the same address is unconvincing.
>
>     \*    \*    \*    \*    \*    \*    \*
>
> Sexton neglected to file a claim within two years of the date of accident, despite being informed of the filing requirements by the Commission as well as by her attorney. Furthermore, the employer mailed and the claimant received the requisite forms which if she had completed and returned them, would have resulted in an award being entered on her behalf.

In its role as fact finder, the commission was entitled to find that Sexton received the notification letter and guide from the commission and the letters from the insurer enclosing the agreements and to reject her testimony to the contrary. The determination of a witness' credibility is within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, the evidence supports the commission's finding that Sexton's failure to file the requisite forms, rather than any

5

action of employer, caused the statute of limitations to lapse. Thus, credible evidence supports the commission's ruling the doctrine of imposition did not preclude employer from relying upon the statute of limitations.

### III.   Equitable Estoppel

To prove estoppel, Sexton was required to show by clear, precise and unequivocal evidence that she relied upon an act or statement of employer or its agent in refraining from filing a claim within the statutory period.  Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990).  The rule is well-settled that employer is not estopped from invoking the limitation period provided by Code § 65.2-601 merely because it made voluntary payments to Sexton.  See Bowden v. Newport News Shipbuilding & Drydock Co., 11 Va. App. 683, 686-87, 401 S.E.2d 884, 886 (1991).

The commission found no evidence that employer made any representation which induced Sexton to refrain from filing a timely claim.  The record demonstrates that employer sent the agreements to Sexton for her signature.  Sexton received the documents, failed to sign them, and took no action to file them.  In addition, the evidence showed that, even after being advised by legal counsel that she should sign and return the agreements, Sexton failed to do so.  Accordingly, the evidence supports the commission's ruling that employer was not equitably estopped from relying upon the statute of limitations.

For the reasons stated, we affirm the commission's decision.

_Affirmed._
