COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


ALBERT B. DARENSBOURG

v.   Record No. 1915-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
HUSS, INC.                                   JANUARY 30, 1996
AND
AETNA CASUALTY AND SURETY COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (James B. Feinman, on briefs), for appellant.

          (John M. Oakey; McGuire, Woods, Battle & Boothe, on
          brief), for appellees.


     Albert B. Darensbourg ("claimant") contends that the

Workers' Compensation Commission erred in finding that his

application for permanent partial disability benefits was barred

by the applicable statute of limitations contained in Code

§ 65.2-708.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     Claimant sustained a compensable injury by accident to his

knee on May 31, 1991.  Pursuant to an August 13, 1991 award,

employer paid claimant temporary total disability benefits from

July 17, 1991 through October 27, 1991.  On August 9, 1993,

claimant filed his first "Claim for Benefits," seeking an award

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of permanent partial disability benefits based upon Dr. W. C. MacCarty's thirty percent impairment rating rendered on July 14, 1992. The commission used its on-the-record procedure to rule upon this claim. On December 9, 1993, the deputy commissioner denied the August 9, 1993 Claim for Benefits on the ground that employer was entitled to obtain another medical opinion from Dr. Bernard A. Lublin as it had been over one year since the claimant had undergone an evaluation. Claimant had failed to appear at an appointment with Dr. Lublin arranged by employer for a second opinion. The deputy commissioner stated in her opinion:

> For the reasons stated above, the relief sought by the claimant in his application of August 9, 1993 is denied.
> This matter is hereby removed from the docket.
> You may review this decision by filing a request for review within 20 days from the date of this opinion. The review should be filed with the Clerk of the Commission and must conform to the Commission's rules for review.

Claimant did not appeal this finding to the full commission.

On January 6, 1994, claimant returned to Dr. Lublin. Dr. Lublin ordered a program of quadriceps weight training and told claimant to return in two weeks. On January 21, 1994, Dr. Lublin again examined claimant. Dr. Lublin instructed claimant to continue his exercises and opined that, if claimant did not improve with conservative measures, arthroscopic surgery might be

2

necessary. Dr. Lublin advised claimant to return on February 15, 1994. Claimant did not appear for or reschedule this appointment. Thereafter, claimant treated with Dr. MacCarty.

On March 23, 1995, claimant filed a second "Claim for Benefits" form, again seeking an award of permanent partial disability benefits. Citing Code § 65.2-708, the commission, in a review on the record, denied this application on the ground that it was filed more than thirty-six months after compensation was last paid on October 27, 1991. In doing so, the commission found that the deputy commissioner's December 9, 1993 ruling on claimant's August 9, 1993 claim was final.

Claimant contends that the commission erred because the deputy commissioner's December 9, 1993 opinion ruling on claimant's August 9, 1993 claim did not "dismiss" the claim but only removed the claim from the hearing docket. Claimant also asserts that he filed the second Claim for Benefits form on March 23, 1995 merely to get his claim back on the hearing docket, not to file a new claim.

The record clearly shows that the commission decided and denied claimant's August 9, 1993 Claim for Benefits due to claimant's delay and his refusal to submit to an examination by employer's doctor. Although the deputy commissioner did not use the word "dismissed," she denied the claim, removed it from the docket, and instructed the parties concerning their right to appeal the decision. Claimant did not appeal this decision.

3

Therefore, it became final. Although claimant saw Dr. Lublin in January 1994, he waited until March 1995, beyond the thirty-six months time restriction of Code § 65.2-708, to file another claim for permanency benefits.

Claimant's reliance on Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 391 S.E.2d 342 (1990), is misplaced. In Keenan, the claimant filed a claim for benefits and then later filed an application for a hearing, which he subsequently withdrew. The commission entered an order stating that the hearing would not take place and ordered the case removed from the hearing docket. Id. at 233-34, 391 S.E.2d at 343. In this case, unlike Keenan, claimant did not file a separate application for a hearing. Moreover, the deputy commissioner did not simply remove the August 9, 1993 claim from the hearing docket. Rather, the deputy commissioner decided the claim on the record and entered an award consistent with that decision. Claimant did not appeal this ruling. As such, we cannot say as a matter of law that the commission erred in denying the March 23, 1995 Claim for Benefits on the ground that it was barred by the thirty-six month statute of limitations contained in Code § 65.2-708. Accordingly, we affirm the commission's decision.

Affirmed.

4