COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CENTER FORD
AND
TWIN CITY FIRE INSURANCE COMPANY

v.   Record No. 2158-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
BRYANT S. BYRD                               FEBRUARY 20, 1996


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Susan B. Potter; Vandeventer, Black,
             Meredith & Martin, on brief), for
             appellants.

             (Johnny C. Cope; Saunders, Stephenson,
             Cope, Olson & Yoffy, on brief), for
             appellee.


      Center Ford contends that the Workers' Compensation

Commission erred in finding that the doctrine of equitable

estoppel prevented it from relying upon the statute of

limitations contained in Code § 65.2-601 as a defense to

Bryant S. Byrd's claim for benefits.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

      On appeal, we construe the evidence in the light most

favorable to the party prevailing below.  R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  We

must uphold factual findings made by the commission if supported

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

by credible evidence.  <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On April 13, 1992, Byrd sustained a compensable left leg injury while working for employer as a mechanic.  He reported the injury to employer, who filed a First Report of Accident with the commission on May 29, 1992.  On June 2, 1992, the commission issued a notification letter to Byrd, enclosing a workers' compensation guide.  Byrd denied receiving the letter or the guide.

Byrd testified that he received a Memorandum of Agreement ("MOA") from employer's insurance carrier, which he signed and returned to the carrier.  Byrd stated that when he telephoned Alice Pleasant, the carrier's representative, she assured him that she would send the MOA to the commission as soon as she received it from Byrd.  Shortly thereafter, Byrd began to receive compensation checks.  Based upon these events, Byrd assumed that he did not need to do anything else to file a timely claim. Employer voluntarily paid compensation to Byrd from May 3, 1992 through July 5, 1994.

Pleasant admitted that she sent the MOA to Byrd on June 30, 1992.  However, she denied that Byrd ever called her about the MOA or that she ever received a signed MOA back from him. Pleasant admitted that it was possible she sent the MOA to the commission and that the commission did not receive it.

On July 6, 1994, Pleasant filed an application to suspend

Byrd's benefits alleging that he failed to cooperate with vocational rehabilitation. On July 11, 1994, the commission notified Pleasant, with a copy to Byrd, that no award had ever been entered.

On October 13, 1994, Byrd's attorney filed an application for benefits seeking entry of an award and resumption of compensation. Byrd admitted that he received a copy of the commission's July 11, 1994 letter stating that no award had been entered. He did not understand the significance of this letter until he consulted an attorney.

"Code § 65.1-87 [now Code § 65.2-601] provides that the right to compensation under the Workers' Compensation Act is forever barred 'unless a claim be filed' with the . . . Commission within two years after the injury by accident." Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 233, 391 S.E.2d 342, 343 (1990). It was undisputed that the claim filed by Byrd's attorney on October 13, 1994 was not timely.

To prove estoppel, a claimant must show by clear, precise and unequivocal evidence that he relied to his detriment upon an act or statement of employer or its agent to refrain from filing a claim within the statutory period. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990). However, a claimant need not prove a false representation, concealment of a material fact, or fraudulent intent, in order to invoke the doctrine of equitable estoppel.

- 3 -

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324-25, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993). In addition, it is well settled that employer is not estopped as a matter of law from relying on the limitation period provided by Code § 65.2-601 merely because it made voluntary payments to a claimant. See Bowden v. Newport News Shipbuilding & Drydock Co., 11 Va. App. 683, 686-87, 401 S.E.2d 884, 886 (1991).

In holding that employer was equitably estopped from relying on the statute of limitations, the commission found as follows:

> Not only did the employer pay compensation benefits for more than two years, it paid cost-of-living benefits, hired a vocational rehabilitation consultant to work with the claimant, sent the claimant a Memorandum of Agreement and filed an Application for Hearing seeking to suspend benefits. These actions are all actions that evidence the employer accepted the claimant [sic] and support the claimant's testimony that he relied upon employer's actions to his detriment.

It was undisputed that employer accepted Byrd's claim as compensable and sent him the MOA. The commission was entitled to accept Byrd's testimony that he signed and returned the MOA to

- 4 -

Pleasant, and that she assured him she would send the MOA to the commission. Byrd began receiving compensation checks shortly after his conversation with Pleasant. The commission could reasonably infer from Byrd's testimony that he relied upon Pleasant's actions and statements, which did in fact induce him to refrain from filing a claim within the statutory period. Because Byrd's testimony provides credible evidence to support the commission's decision, we cannot find as a matter of law that the commission erred in ruling that employer was equitably estopped from relying upon the statute of limitations.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>