COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


J&F SERVICES, INC. and
 HANOVER INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1202-96-4   JUDGE ROSEMARIE ANNUNZIATA
                                        OCTOBER 29, 1996
JOSE V. VILLATORO


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              William H. Schladt (Ward & Klein, on brief),
              for appellants.

              Peter M. Sweeny (Wesley G. Marshall; Peter M.
              Sweeny & Associates, on brief), for appellee.


     Claimant, Jose V. Villatoro, filed a claim for benefits

seeking compensation for an injury by accident arising out of and

in the course of his employment with employer, J&F Services, Inc.

 The deputy commissioner applied the statute of limitations to

bar compensation.  The full commission reversed and remanded the

case, directing the deputy commissioner to render a decision on

the merits.  The deputy commissioner entered an award in

claimant's behalf, which, upon claimant's request for review, the

full commission modified.  Employer appeals, contending (1) the

commission erred by not applying the statute of limitations as a

bar to compensation; (2) the commission erred in finding claimant

suffered a temporary total disability subsequent to May 25, 1992;

and (3) the commission erred in awarding temporary total

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disability benefits after June 30, 1992.  With the exception of the third issue raised, we affirm.

I.

Claimant suffered a compensable injury by accident while working for employer on April 16, 1992.  On April 22, 1992, claimant, through his first attorney, filed a claim for benefits in the Virginia Workers' Compensation Commission.  On May 5, 1992, claimant's counsel requested the matter be set for a hearing.  By letter dated June 19, 1992, the commission stated that the case would not be placed on the hearing docket until the medical evidence supporting the claim was sent to the commission. On July 18, 1992, the Virginia commission wrote claimant's first lawyer and advised him that the medical evidence supporting claimant's claim had to be sent immediately to the commission to avoid dismissal of the claim.

In the interim, on July 6, 1992, employer agreed to compensate claimant for total disability during the period April 17, 1992 to May 25, 1992.  However, claimant refused to execute an Agreed Statement of Facts, and none was filed with the commission.

Meanwhile, by June 2, 1992, claimant had filed a claim for benefits in the Maryland Workers' Compensation Commission after having hired a new lawyer.  The Virginia commission received notice of this action on July 7, 1992.  On July 8, 1992, employer's carrier wrote claimant's new lawyer and stated it

would compensate claimant for his Virginia claim through May 25, 1992.  On July 15, 1992, claimant's counsel responded, stating that claimant had "opt[ed] for the State of Maryland Workers' Compensation benefits."

On August 28, 1992, the Virginia commission wrote claimant, requesting him to confirm that he was represented by new counsel and that he would be pursuing a claim in Maryland so the commission could dispose of the case.  On September 10, 1992, claimant's counsel responded, advising the Virginia commission that he represented claimant in the Maryland case, which claimant was then pursuing.

The Virginia commission never entered an order dismissing claimant's Virginia claim.  Following a hearing on April 11, 1994, the Maryland Workers' Compensation Commission denied claimant's claim for lack of jurisdiction.

Subsequently, claimant, through a third lawyer, filed a document entitled "Workers' Compensation Claim and Agreement to Retain Counsel" in the Virginia commission and requested the commission refer the claim to the hearing docket based on claimant's initial application for hearing.  Following a hearing on February 24, 1995, the deputy commissioner invoked the statute of limitations to bar compensation, having found claimant made a conscious decision to withdraw his Virginia claim.  The full commission reversed.  It found claimant never intended to withdraw his Virginia claim and remanded the matter for a

determination on the merits.

With respect to his claim for benefits, claimant responded to employer's interrogatories on the day before the February 24 hearing. In his response, claimant stated that he sought temporary total disability benefits from April 17, 1992 through June 30, 1993. At the February 24 hearing, the deputy commissioner stated that claimant sought temporary total disability benefits only for the periods April 17, 1992 to June 30, 1992, and November 1, 1993 to July 31, 1994, as "set out in a letter submitted today by claimant's counsel." The periods described comport with the periods claimant submitted to the deputy commissioner in a Statement of Benefits Claimed. The deputy commissioner's June 13, 1995 opinion also states that claimant sought benefits only until June 30, 1992. Upon remand from the commission's ruling that the statute of limitations did not bar the claim, another hearing was held before the deputy commissioner. At no point during that hearing was the termination of the initial time period for which claimant sought benefits modified from June 30, 1992; the deputy commissioner's ruling on the merits was likewise limited to that time period.

There is no dispute that claimant suffered a compensable accident which rendered him totally disabled from April 17, 1992 through May 25, 1992. Claimant's treating physician, Dr. Norman J. Cowan, approved a light duty job description for claimant provided by employer; the job was to commence May 26, 1992.

Claimant testified that he received notice of the light duty opportunity, but he stated nobody was there when he appeared for work on the twenty-sixth. Claimant acknowledged that he received further notice of light duty work within two weeks, but he stated when he responded, he was told he could not work.

Meanwhile, claimant was treated by Dr. Joseph Y. Lin, on May 29, 1992, at which time Dr. Lin directed claimant not to work for two weeks. Dr. Lin never released claimant to return to work at any level. Claimant was also referred to and treated by Dr. Michael April, who directed claimant not to work from July 20, 1992 to August 20, 1992. Although Dr. April noted as late as July 20, 1993 that claimant was not ready to return to work, on April 15, 1993, Dr. Cowan approved another light duty job description that employer provided for claimant.

The deputy commissioner found claimant's testimony concerning his reasons for not accepting light duty employment in May 1992 incredible and that claimant had unjustifiably refused selective employment. However, based on the medical records of Drs. Lin and April which demonstrated that claimant was totally disabled beginning May 29, 1992, the deputy commissioner awarded claimant temporary total disability benefits for the period April 17 to May 25 and again from May 29 to June 30, 1992. The deputy commissioner terminated the award on June 30 because claimant had not sought benefits beyond that date.

Claimant sought review, requesting, inter alia that the

commission not terminate claimant's recovery as of June 30, 1992. The commission found that although Dr. Cowan had released claimant to return to light duty in May 1992, the records of both Drs. Lin and April established a continuing disability through the three-day period from May 26 to May 28. The commission further found that claimant was available for light duty employment in April 1993, which he unjustifiably refused. Without addressing the June 30, 1992 limitation imposed by the deputy commissioner, the full commission awarded claimant temporary total disability benefits for the period April 17, 1992 to April 13, 1993.

## II.

On appeal, employer contends (1) the commission erred by not applying the statute of limitations as a bar to compensation; (2) the commission erred in finding claimant suffered a temporary total disability subsequent to May 25, 1992; and (3) the commission erred in awarding temporary total disability benefits after June 30, 1992.

## A.

Assuming without deciding that employer's statute of limitations argument is not procedurally barred, we find that the argument fails. The right to compensation under the Virginia Workers' Compensation Act is forever barred "unless a claim be filed with the commission within two years after the accident." Code § 65.2-601. There is no dispute that claimant filed a claim

for benefits in May 1992, well within the prescribed period.  The issue then is whether claimant's actions subsequent to the filing of his claim amount to a withdrawal of the claim.

Initially, we find no rule or authority which requires a claimant to act within a certain time after the filing of a claim to avoid having the claim dismissed.  Rule 1.3 of the Rules of the Workers' Compensation Commission states, "[i]f supporting evidence is not filed within 90 days after an employee's claim is filed, it may be dismissed upon motion of the employer after notice by the Commission to the parties."  Here, employer made no such motion.  The record contains no indication that the commission ever dismissed the claim.  Indeed, absent a motion by employer, the commission had no authority to do so.  Thus, we conclude, claimant's inaction with respect to his Virginia claim is not tantamount to a withdrawal.

"[T]he commission cannot hold that a claimant has withdrawn a `claim' absent a clear showing that the claim has been withdrawn."  Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 235, 391 S.E.2d 342, 344 (1990).  In Keenan, the claimant filed a claim for benefits in February 1987, alleging an injury by accident in May 1986.  Id. at 233-34, 391 S.E.2d at 343.  In December 1987, the claimant filed an Application for Hearing, which he subsequently withdrew in March 1988.  Id. at 234, 391 S.E.2d at 343.  In August 1988, claimant filed another Application for Hearing; however, the commission ruled that

claimant's withdrawal of his initial Application for Hearing was effectively a withdrawal of his claim for benefits. Id. Noting the distinction between a claim for benefits and an Application for Hearing, this Court reversed the commission, ruling there had been no clear showing that the claimant had intended to withdraw his claim. Id. at 235-36, 391 S.E.2d at 344.

The commission ruled that claimant had not withdrawn his claim, and we find no basis to reverse that determination. The initial claim was never placed on the hearing docket because claimant failed to file his medical records. When pressed for his medical records, claimant responded that he was pursuing a claim in Maryland at that time. We agree with the commission that nothing in the correspondence suggests claimant intended to withdraw his Virginia claim to pursue his claim in Maryland. Although the commission stated its intention to "dispose" of the matter and advised claimant to forward his medical records to avoid "dismissal," we find no authority for the commission to dispose of the matter absent a motion by employer, and, in any event, the commission made no such disposition. Furthermore, the commission's November 1994 correspondence, which sought a response to its August 1992 letter inquiring about a disposition of the matter, demonstrates that the commission had not disposed of the claim. Also, contrary to employer's argument, we do not find claimant's refusal to sign the Agreed Statement of Facts evidence that he intended to not pursue a claim in Virginia. At

most, such an act is evidence that claimant simply did not agree with the statement.

In short, we find no clear showing that claimant withdrew his claim within the meaning of Keenan. Accordingly, we find the claim is not time barred.

B.

Employer next contends the commission erred in finding claimant suffered temporary total disability subsequent to May 25, 1992. Dr. Cowan released claimant to return to a light duty job scheduled to begin May 26, 1992. By May 29, 1992, however, Dr. Lin directed claimant not to return to work. Claimant was not released to return to work again until April 1993. Based on the medical records, both the deputy commissioner and the full commission found claimant was totally disabled until May 26 and subsequent to May 28. Based on Dr. Cowan's release, the deputy commissioner found claimant was not totally disabled during the three-day period between May 26 and May 28. Based on Dr. Lin's records, the full commission found claimant's total disability continued through the three-day period. Employer argues Dr. Cowan's release is evidence that claimant was not totally disabled as of May 26 and contradicts the records of Drs. Lin and April which suggest he was. The commission's resolution of this apparent conflict in the medical evidence binds this Court on review if it is supported by credible evidence. See, e.g., City of Norfolk v. Lillard, 15 Va. App. 424, 429, 424 S.E.2d 243, 246

- 9 -

(1992). We do not find the records of Drs. Lin and April incredible and, accordingly, affirm the commission's finding.

C.

Finally, employer argues that the commission erred in awarding temporary total disability benefits after June 30, 1992. Although formal pleading is not required in matters before the commission, see Keenan, 10 Va. App. at 233, 391 S.E.2d at 343, due process requires that the employer be fully apprised of the claim being presented, see Sergio's Pizza v. Soncini, 1 Va. App. 370, 375–76, 339 S.E.2d 204, 207 (1986).

Claimant responded to employer's interrogatories, stating that he sought temporary total disability benefits from April 17, 1992 through June 30, 1993. However, at the hearing on the following day, claimant made clear his intention to seek benefits for the periods from April 17, 1992 to June 30, 1992, and November 1, 1993 to July 31, 1994. Upon this statement, the deputy commissioner terminated the award as of June 30, 1992. On review to the full commission, claimant requested his benefits be extended beyond June 30, 1992. Without taking additional evidence, and without addressing the issue, the commission extended claimant's benefits beyond June 30, 1992. The commission terminated benefits in April 1993, finding claimant had been released to light duty.

We find that, in extending claimant's benefits beyond June 30, 1992, the commission deprived employer of the opportunity to

- 10 -

defend against the claim for benefits during the period June 30, 1992 and April 13, 1993. Employer raised the defense of claimant's release to return to work in April 1993 before the deputy commissioner. However, contrary to claimant's argument, we do not find that this establishes employer suffered no prejudice. Employer presented evidence of the April 1993 release to defend against claimant's claim for benefits during the period November 1993 to July 1994, not as rebuttal to evidence of claimant's condition during the period June 1992 to April 1993. Accordingly, we reverse the commission's award of benefits during the period June 30, 1992 to April 13, 1993 and remand the case to allow both parties to present evidence on the issue whether claimant was totally disabled during that period. See Soncini, 1 Va. App. at 377, 339 S.E.2d at 208.

Affirmed in part,
reversed in part,
and remanded.