COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MONIQUE LOUISE BRYANT

MEMORANDUM OPINION[*]

v.   Record No. 1186-96-3                    PER CURIAM
                                          NOVEMBER 12, 1996

FIELDCREST CANNON, INC.


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (James B. Feinman, on brief), for appellant.

             (Martha White Medley; Daniel, Vaughan, Medley &
             Smitherman, on brief), for appellee.


     Monique Louise Bryant ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that (1) her claim for benefits was barred by the applicable

statute of limitations contained in Code § 65.2-601; and (2) she

did not timely file her answers to employer's interrogatories in

accordance with Rule 1.8(H), Rules of the Virginia Workers'

Compensation Commission.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Claimant filed an original claim for benefits on May 19,

1994, alleging an injury by accident occurring on January 29,

1994.  On June 21, 1994, employer's counsel propounded

interrogatories to claimant.  On August 16, 1994, employer's

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

counsel wrote to the commission asking that it direct claimant to file answers to these interrogatories. In an August 18, 1994 letter, Deputy Commissioner Gorman informed claimant's counsel that "failure to file Claimant's Answers to Interrogatories by August 26, 1994 will result in dismissal of the claim." On August 26 and 31, 1994, employer's counsel informed the commission that it had not received claimant's answers to the interrogatories and asked that the commission dismiss claimant's application. On August 31, 1994, Gorman entered an order, which provided as follows:

> [T]he matter of <u>Monique Louise Bryant v. Fieldcrest Cannon, Inc.</u> is dismissed without prejudice and shall be removed from the docket until such time as claimant's Answers are filed with the . . . Commission at which time it will be placed again on the hearing docket.

The commission received claimant's answers to the interrogatories on September 1, 1994. Claimant did not sign the answers under oath. Instead, claimant's counsel signed the answers, stating that he would forward a signature page. Claimant took no further action on her claim until January 30, 1996. On that date, the commission received a letter from claimant's counsel filing a new claim for benefits and requesting a hearing.

The commission held that claimant did not timely file her claim. In so ruling, the commission construed the language contained in Gorman's August 31, 1994 order to require that

2

claimant file answers to employer's interrogatories before the commission would accept a new claim and place it on the hearing docket. In refusing to consider either the May 19, 1994 or January 30, 1996 claims as timely filed, the commission stated:

> Rule 1.8(H) states in part that answers to interrogatories are to be filed under oath. Although the employee filed answers to the interrogatories with the Commission on September 1, 1994, counsel's letter stated that the employee's signature page would be forthcoming. It was not provided to the Commission within the two year period required by Virginia Code Ann. § 65.2-601. Therefore, the Commission concludes that the employee did not comply with the requirements of Deputy Commissioner Gorman's August 31, 1994 order. The employee then filed her second claim for benefits more than two years from the date of the accident.

Claimant contends that the commission erred because Gorman's August 31, 1994 order did not dismiss her May 19, 1994 claim, but only temporarily removed the claim from the hearing docket. Claimant also asserts that the commission erred in finding that she did not comply with Rule 1.8(H) and in not providing her with an opportunity to be heard on employer's motion to dismiss her claim.

In Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 391 S.E.2d 342 (1990), the employee filed a claim for benefits and later filed a separate application for hearing, which he subsequently withdrew. The commission entered an order stating that the hearing would not take place and ordered the case removed from the hearing docket. Id. at 233-34, 391 S.E.2d at

3

343-44.  In Keenan, we held that "in the absence of an order from the commission dismissing the claim for failure to prosecute, the commission has jurisdiction to hear the pending claim."  Id. at 236, 391 S.E.2d at 344.

In this case, unlike Keenan, claimant did not file a separate application for hearing.  The record clearly shows that the deputy commissioner did not simply remove the May 19, 1994 claim from the hearing docket.  Rather, the deputy commissioner's August 31, 1994 order "dismissed" the May 19, 1994 claim without prejudice.  Furthermore, the order provided the condition upon which the commission would accept a new claim.  Claimant did not object to employer's motion to dismiss her claim nor did she appeal the August 31, 1994 order.  Her inaction renders meritless her due process arguments.  Claimant's counsel filed answers to interrogatories, but claimant did not sign these answers under oath as required by Rule 1.8(H).  Instead, claimant waited one and one-half years to pursue her claim, and then failed to file a signature page or a new claim for benefits before the two-year statute of limitations expired.

Based upon this record, we cannot say as a matter of law that the commission erred in finding that the May 19, 1994 and January 30, 1996 claims were barred by the statute of limitations contained in Code § 65.2-601.  Accordingly, we affirm the commission's decision.

                                                    Affirmed.

4