ANNUNZIATA, Judge.
Rusty’s Welding Service, Inc. (employer) appeals the commission’s award of benefits to Edward Wayne Gibson (claimant). Employer contends the award is barred by principles of res judicata and that the award improperly required employer simultaneously to pay permanent partial disability (PPD) and temporary partial disability (TPD) benefits. We agree with employer’s claim of res judicata, and reverse.
While carrying a bottle of acetylene on November 12, 1994, claimant sustained an injury by accident to his back. Employer accepted the injury as compensable and paid benefits. In applications filed July 16, 1996 and October 29, 1996, claimant sought an increase in TPD benefits, an order holding employer responsible for medical expenses for claimant’s left knee, and an award of PPD benefits for a 40% impairment to claimant’s left leg. All of claimant’s requests were based upon the medical opinion of Dr. Gurpal S. Bhuller.
After an on-the-record review, Deputy Commissioner Gorman issued an opinion on March 4, 1997, in which he wrote that Dr. Bhuller did not adequately explain how claimant’s leg injury was caused by the compensable back injury. Deputy Commissioner Gorman also noted that Dr. Bhuller did not *736 explain that the 40% leg impairment was permanent or that claimant had reached maximum medical improvement. He wrote that, “on the evidence before us we cannot conclude that maximum medical improvement has been reached and accordingly deny permanent partial disability benefits at this time.” Deputy Commissioner Gorman ordered employer’s insurance carrier to submit a report showing claimant’s earnings and employer’s payments to claimant, and concluded as follows:
Accordingly, the claimant’s application is DENIED insofar as it has requested permanent partial disability benefits for the left leg and is DENIED to the extent requesting payment for medical treatment to the left knee. In all other respects, the claimant’s application is continued on the Dispute Resolution Docket in accordance with the provisions of this opinion with the carrier to comply with the ORDERS stated above.
Neither party sought review of this opinion.
On April 9, 1997, claimant filed another application seeking PPD benefits for a 40% impairment in his left leg. In support of his application, claimant submitted an additional opinion of Dr. Bhuller explaining claimant’s 40% impairment in his left leg and stating that claimant had reached maximum medical improvement. In an opinion filed May 29, 1997, Deputy Commissioner Link awarded claimant PPD benefits for a 40% loss of use of his left leg. Deputy Commissioner Link ordered employer to pay claimant a lump sum of $25,767.70 in accrued benefits.
On review, the commission acknowledged that Dr. Bhuller’s opinion submitted in support of the May 29, 1997 award “was not based on a contemporaneous evaluation but represented a more complete discussion of the basis for the disability rating.” The commission also acknowledged that the issue addressed in the May 29, 1997 opinion was identical to the issue addressed in the March 4,1997 opinion. The commission held as follows:
[T]he issue was not determined with finality. The Deputy Commissioner specifically stated that, based “on the evi *737 dence before us,” permanent partial disability benefits were denied “at this time ” [emphasis added]. The Commission interprets the Opinion of March 4, 1997, to have left the issue of permanent partial disability unresolved for future determination.
The commission also held that it had discretion to order simultaneous payment of TPD and PPD benefits.
Employer argues that the award of PPD benefits on claimant’s second application is barred by the doctrine of res judicata. Unlike questions of fact, which are binding on this Court if supported by evidence, we review questions of law de novo. Sinclair v. Shelter Constr. Corp., 23 Va.App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (citing City of Waynesboro v. Harter, 1 Va.App. 265, 269, 337 S.E.2d 901, 903 (1985)).
The doctrine of res judicata is applicable to decisions of deputy commissioners and the full commission. K & L Trucking Co., Inc. v. Thurber, 1 Va.App. 213, 219, 337 S.E.2d 299, 302 (1985). Generally, “[r]es judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached.” Gottlieb v. Gottlieb, 19 Va.App. 77, 81, 448 S.E.2d 666, 669 (1994) (citing Commonwealth ex rel. Gray v. Johnson, 7 Va.App. 614, 617-18, 376 S.E.2d 787, 788 (1989)). Therefore, absent fraud or mistake, “the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission.” Thurber, 1 Va.App. at 219, 337 S.E.2d at 302. There is no question in this case that claimant’s first and second applications were identical for the purposes of res judicata. In both proceedings, claimant sought PPD benefits on the basis of a 40% impairment in his left leg from the same injury, under the same legal theory, against the same employer, on the basis of the same medical examination. See Balbir Brar Assocs., Inc. v. Consolidated Trading & Servs. Corp., 252 Va. 341, 346, 477 S.E.2d 743, 746 (1996) (citing Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992)).
As the party seeking to assert res judicata, employer must prove that the deputy commissioner rendered a final *738 opinion in its favor. Straessle v. Air Line Pilots’ Ass’n, Int’l, 253 Va. 349, 353, 485 S.E.2d 387, 389 (1997) (citing Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974)). Generally, a judgment is final for the purposes of res judicata when “nothing more is necessary to settle the rights of the parties or the extent of those rights.” 8B Michie’s Jurisprudence, Former Adjudication or Res Judicata § 13 (1994). The commission “interpreted] the Opinion of March 4, 1997, to have left the issue of permanent partial disability unresolved for future determination” and, thus, held that the former adjudication was not final.
We hold that the commission erred. ‘While proceedings before the commission must comply with the requirements of due process, deputy commissioners generally have broad discretion to adapt the conduct of hearings to the circumstances of the case.” Daniel Constr. Co. v. Tolley, 24 Va.App. 70, 78, 480 S.E.2d 145, 149 (1997) (citing Kum Ja Kim v. Sportswear, 10 Va.App. 460, 470, 393 S.E.2d 418, 424 (1990)). As the commission noted, Deputy Commissioner Gorman wrote in the body of the opinion that PPD benefits were denied “at this time.” Nevertheless, Deputy Commissioner Gorman ordered that “claimant’s application is DENIED insofar as it has requested permanent partial disability benefits for the left leg.” This denial of claimant’s application is all the more clear when contrasted with the issue of TPD benefits, which Deputy Commissioner Gorman ordered “continued on the Dispute Resolution Docket.” Neither party sought review of the deputy commissioner’s decision, and the time for requesting such a review has expired. See Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992) (“[A] judgment is not final for the purposes of res judicata ... when it is being appealed or when the time limits fixed for perfecting the appeal have not expired.”). Thus, the opinion of March 4, 1997 fully determined the rights of the parties with respect to claimant’s application for PPD benefits for a 40% impairment of his left leg and was final for purposes of res judicata.
*739 The commission did not find that claimant’s second application was based on a change in condition. Indeed, the commission found that the medical evidence from Dr. Bhuller which claimant submitted in support of his second application merely “represented a more complete discussion of the basis for the disability rating.” Furthermore, our review of the record shows that claimant’s second application was not based upon “a change in physical condition [or] any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation.” Code § 65.2-101 (defining “change in condition”). Instead, “it was based upon the same medical results and findings as the first claim,” explained in greater detail. Childress v. Beatrice Pocahontas Co., 6 Va.App. 88, 93, 366 S.E.2d 722, 724 (1988); cf. Wood v. Allison Apparel Mktg., Inc., 11 Va.App. 352, 355, 398 S.E.2d 110, 112 (1990) (finding no res judicata bar where “the applications concerned injuries of different natures, derived from different circumstances, predicated on different medical diagnoses, and involving different legal foundations”). Claimant’s second application was, therefore, barred by res judicata. We reverse the decision of the commission and dismiss claimant’s application.[1]

Reversed and dismissed.

. Given our disposition of employer’s res judicata claim, we do not reach employer’s second argument on appeal.