COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


MARY PEGGY BROWN
                                              OPINION BY
v.    Record No. 0485-00-4      JUDGE JAMES W. BENTON, JR.
                                            JANUARY 30, 2001
UNITED AIRLINES, INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Eric S. Wiener (Eric M. May; Law Offices of
            Eric M. May, P.C., on brief), for appellant.

            Michael N. Salveson (Hunton & Williams, on
            brief), for appellee.


     Mary Peggy Brown appeals from the Workers' Compensation

Commission's denial of an award for permanent partial disability

benefits.  The commission ruled that her claim was untimely

filed.  For the following reasons, we reverse the commission's

decision.

                              I.

     The record establishes that on May 28, 1993, the commission

entered an award in Brown's favor for compensation for permanent

partial disability.  On January 9, 1997, Brown filed a claim for

additional permanent partial disability benefits and to

establish her permanent partial disability rating.  See Code

§ 65.2-503.  Brown's claim noted that she "does not have a

permanency rating as yet . . . [and] anticipated that her

treating doctor will issue a permanency rating in the near future." Although her claim was timely filed within three years after the date compensation was last paid pursuant to Code § 65.2-708(A), the commission's staff informed Brown that the commission "will give no further consideration to this claim until . . . [the] treating physician has indicated that [Brown] has reached maximum medical improvement and affixes a disability rating." The staff further informed Brown that "[u]pon receipt of this information, your claim . . . will be considered." On April 22, 1997, Brown filed documentation and requested the staff to "docket this matter for a hearing."

After the evidentiary hearing, the deputy commissioner issued a decision on September 30, 1997, "find[ing] that maximum medical improvement has not been reached" and concluded, "[t]herefore, the instant claim is premature." The opinion further states that "the Claim for Benefits is denied" and "[t]he case is ordered removed from the docket." Although the deputy commissioner's opinion advises that Brown "may appeal this decision by filing a request for review . . . within twenty days from the date of this opinion," the deputy commissioner's ruling did not dismiss Brown's claim.

By letter dated March 11, 1998, which was filed on March 16, 1998, Brown requested that the matter be rescheduled for a hearing. The commission's staff put the matter "on hold pending receipt of a [medical] report . . . [that Brown] has reached

-

maximum medical improvement."  On May 14, 1998, Brown informed the commission that she had "a recent medical report to document [her] maximum medical improvement status."  The employer responded that the claim was not timely and that it was barred by the doctrine of res judicata.  After the matter was docketed for a hearing, the deputy commissioner found that the documents established Brown now had reached maximum medical improvement and that Brown's claim was not barred by the doctrine of res judicata.  The deputy commissioner ruled, however, that Brown's claim was not timely because benefits were last paid to Brown through January 12, 1994, and "[t]he instant claim was not filed until March 16, 1998, more than 4 years later."  Unlike the September 30, 1997 decision, the deputy commissioner's February 12, 1999 decision states that Brown's "Claim for Benefits is dismissed."  (Emphasis added).

The commission affirmed the deputy commissioner's ruling. The crux of the commission's ruling is the following:

> After careful review of the record, the Commission finds that the claim is barred by the statute of limitations.  The [employee] was last paid compensation on January 12, 1994.  Pursuant to . . . Code § 65.2-708(A), the [employee] was required to file any claim for permanency benefits within three years from the date for which compensation was last paid pursuant to an award.  In this case, she was required to file by January 12, 1997.  While the [employee] indeed made a filing on January 9, 1997, this case proceeded to a Hearing, and the claim was denied and the case removed from the docket. [Employee's] counsel did not request that

-

the case be continued on the docket, nor did he note a request for Review of this decision. In fact, nothing further was heard until new counsel filed a claim on behalf of the [employee] on or about March 11, 1998. This March 11, 1998, claim made no mention of the previous claim. Based on this, we cannot find that the January 1997 claim remained outstanding and that the March 1998 claim was a continuation of this claim.

Brown appeals from this ruling.

## II.

As an administrative agency, the commission has been delegated authority to "make rules and regulations for carrying out the provisions of [the Workers' Compensation Act]." Code § 65.2-201. That authority, however, does not permit the commission to adopt rules that are inconsistent with the Act. See Sargent Elec. Co. v. Woodall, 228 Va. 419, 424, 323 S.E.2d 102, 105 (1984). The Act was designed to protect employees, see Ellis v. Commonwealth, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944); it "is highly remedial and should be liberally construed in favor of the [employee]." Barker v. Appalachian Power Co., 209 Va. 162, 166, 163 S.E.2d 311, 314 (1968). The commission's ruling in this case violates these mandates.

Significantly, the commission acknowledges that Brown's January 9, 1997 filing was timely. The commission's dismissal of Brown's claim is grounded in substantial part in its finding that, after the deputy commissioner's September 30, 1997 decision, Brown "did not request that the case be continued on

-

the docket [or] . . . note a request for Review of this decision."  The deputy commissioner's September 30, 1997 ruling, however, was not a final order barring Brown's right to establish that she attained maximum medical improvement at a future date.  See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 131, 510 S.E.2d 255, 261 (1999) (en banc), rev'g 27 Va. App. 733, 501 S.E.2d 444 (1998).  It left for later determination the point in the future at which Brown would actually attain maximum medical improvement.  See Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 34-35, 422 S.E.2d 165, 167 (1992).

> Where, as here, an employee suffers the loss of use of a scheduled body member, the compensation provided by [Code § 65.2-503] is not awardable "until the injury has reached a state of permanency, i.e. maximum improvement, when the degree of loss may be medically ascertained."  In other words, before [Code § 65.2-503] benefits are awardable, it must appear both that the partial incapacity is permanent and that the injury has reached maximum medical improvement.

County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977) (citations omitted).

When the deputy commissioner found on September 30, 1997 that Brown's "claim [was] premature" because she had not then reached maximum medical improvement, that ruling was supported by credible evidence and was interlocutory regarding her future condition.  Under the commission's case law, the deputy

-

commissioner's ruling did not bar Brown from proving at a later time that she attained maximum medical improvement after September 30, 1997. See Dancy v. Georgia Pacific Corp., 76 VWC 446, 448 (1997) (holding that the commission will "usually" not review interlocutory orders because they are premature). Thus, the deputy commissioner's ruling that "the Claim for Benefits is denied" was retrospective, and it was interlocutory as to Brown's future condition.

The deputy commissioner's further ruling that "[t]he case is ordered removed from the docket" only had the effect of removing the matter from the hearing docket. It did not dismiss the claim. See Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 235, 391 S.E.2d 342, 344 (1990) (holding that an order removing a case from the hearing docket is not ipso facto a dismissal of the claim). Indeed, the commission's own case decisions recognize the distinction between dismissal of a claim and removal of a claim from its hearing docket. See Bryant v. Fieldcrest Cannon, Inc., 75 VWC 184, 185 (1996) (noting that an order in that case "states that the claim is dismissed, not merely that the matter is removed from the hearing docket"). See also Hare v. Jani King of Hampton Roads, 78 VWC 180, 181 (1999) (holding that dismissal of a claim, rather than continuance on the hearing docket, was inappropriate). The commission also has indicated, for example, that a dismissal without prejudice, allowing an employee to refile an

-

application, is distinct from removing a case from the hearing docket.  See id.  Clearly, however, under the commission's decisions, the mere removal of a case from the hearing docket is not tantamount to dismissal of the claim.  See Bryant, 75 VWC at 185.

Nothing in the commission's rules warns an employee that the deputy commissioner's removal of a case from the hearing docket has the effect of converting this ruling to a final order barring future proceedings.  The procedural ruling that "[t]he case is ordered removed from the docket" does not have that effect.  The fact that the commission might have exercised its discretion to review the removal of the case from the hearing docket also does not convert the deputy commissioner's decision to a final order barring future determination of maximum medical improvement.  See City of Richmond Fire & Emergency v. Brandon, 32 Va. App. 787, 789, 531 S.E.2d 22, 22-23 (2000) (refusing to assume jurisdiction over an appeal of a discovery order because it was interlocutory); Hanlovitch v. Chesapeake Gen. Hosp., 75 VWC 293, 295 (1996).  Indeed, the commission's practice in this regard is demonstrated by its ruling in Dancy, where "[t]he Commission [found] that the request for review [was] premature" and noted that it "usually declines interlocutory reviews on evidentiary or procedural matters except for good cause."  76 VWC at 448.

-

The deputy commissioner's removal of the matter from the hearing docket was no more than a procedural ruling which invoked only the possibility of interlocutory review. See id. The commission's rules do not specify that the mere act of removing a case from the hearing docket constitutes a dismissal of the claim or an act that converts an otherwise interlocutory procedural decision into a final decision. See Metro Machine Corp. v. Sowers, 33 Va. App. 197, 205-06, 532 S.E.2d 341, 346 (2000) (noting that there appears to be a difference in some circumstances between filing a claim and merely requesting a hearing). Indeed, the commission's rules contain no clear statement concerning the effect of removing a case from the hearing docket.

Significantly, when Brown notified the commission on March 16, 1998, that she had documents establishing maximum medical improvement, the commission's staff reviewed those documents and responded to Brown's attorney as follows:

> A review of the Commission file indicates an Opinion was rendered on September 30, 1997 by Deputy Commissioner Cummins indicating permanent partial disability benefits cannot be awarded at this time inasmuch as your client has not yet reached maximum medical improvement.
>
> Medical reports attached to your March 11 letter, [which was filed March 16, indicate] Dr. Lew C. Schon renders your client "still not quite yet at her best."
>
> The Commission will place your claim on hold pending receipt of a report from Dr.

-

Schon stating your client has reached
maximum medical improvement and the proper
disability rating affixed.

Although this determination by the commission's staff is not
binding on the commission, it provides another indication that
the claim was not dismissed but, rather, was "place[d] . . . on
hold pending receipt of a report . . . [that Brown] has reached
maximum medical improvement."

Undisputedly, the deputy commissioner's ruling on September
30, 1997 did not "dismiss" Brown's claim.  Indeed, the
comparison between that ruling and the deputy commissioner's
ruling on February 12, 1999, which states that "the Claim for
Benefits is dismissed" and "[t]he case is ordered removed from
the hearing docket," further indicates the lack of intention to
dismiss the claim on September 30, 1997.

In Gibson, as in Brown's case, a deputy commissioner
"DENIED" the claim, finding that "on the evidence before us we
cannot conclude that maximum medical improvement has been
reached and accordingly deny permanent partial disability
benefits at this time."  27 Va. App. at 736, 501 S.E.2d at 445.
The employee did not seek review of that ruling.  Instead, the
employee later filed another application for hearing and proved
he had then reached maximum medical improvement.  The commission
upheld the deputy commissioner's award to the employee for
permanent partial benefits and ruled that the deputy's earlier
ruling denying benefits "'at this time' . . . left the issue of

-

permanent partial disability unresolved for future determination."  29 Va. App. at 127, 510 S.E.2d at 259.  We affirmed that ruling.

This case falls squarely within our ruling in Gibson that the commission has the power "to reach beyond the confines of the ultimate paragraph of the deputy commissioner's opinion and to examine the opinion of the deputy commissioner as a whole in order to ascertain the result intended."  Id. at 130, 510 S.E.2d at 259.  In Brown's case, as in Gibson, the deputy commissioner "denied" the claim.  As in Gibson, that fact is not dispositive of Brown's right to prove a future attainment of maximum medical improvement.

The fact that we addressed the issues in Gibson within the context of a res judicata claim instead of a limitation on the filing of a claim does not mean that Gibson is inapposite to this decision.  Moreover, the fact that the deputy commissioner in Gibson continued all issues other than the award of permanent partial disability benefits does not render Gibson immaterial to our decision in this case.  In both cases, the issue is what constitutes a final order in the award of permanent partial disability benefits.  To turn a distinction upon the deputy commissioner's use of the term, "at this time," in Gibson, and the use of the term, "claim is premature," in this case, is to draw a distinction without a real difference and is unreasonable.

-

Although the deputy commissioner removed the case from the hearing docket on September 30, 1997, she did not dismiss Brown's claim. In Gibson, we found that administrative agencies have the discretion to interpret their own orders as long as they do so in a manner that is reasonable and not arbitrary or capricious. 29 Va. App. at 129-30, 510 S.E.2d at 260-61. Although the commission's review opinion may be interpreting the deputy commissioner's order, the commission does not define the removal of the case from the hearing docket as anything other than the procedural matter discussed above. To give this procedural ruling substantive effect, in the absence of a clear dismissal of the claim, is arbitrary and capricious and denies Brown access to relief when the law is to be construed in her favor. See Hilliards v. Jackson, 28 Va. App. 475, 481-82, 506 S.E.2d 547, 551 (1998) (holding that an agency's classification of money as rental income was arbitrary and capricious where its rules did not define rental income).

Because the deputy commissioner's September 30, 1997 denial of Brown's claim was an interlocutory decision concerning maximum medical improvement and did not "dismiss" her claim, we hold that the commission retained jurisdiction over the claim. The claim was "premature" and, thus, "the issue [was] left open for future determination." Mercy Tidewater Ambulance Serv. v. Carpenter, 29 Va. App. 218, 228, 511 S.E.2d 418, 423 (1999). This holding is consistent with the procedure that the

-

commission has used which predates our Gibson decision.  For example, in Sadler v. Walter Reed Convalescent Ctr., 98 WC UNP 1669508 (1998), the commission affirmed the deputy commissioner's finding that the employee had "failed to prove she has reached maximum medical improvement."  Reacting to the deputy commissioner's dismissal of the claim, the commission ruled as follows:

> However, the Deputy Commissioner should not have denied and dismissed the claim, which would forever foreclose indemnity benefits for the employee.  We find that the totality of [the doctor's] report shows permanent impairment resulting from the work accident.  Such a claim may be filed and preserved before it completely matures, if permanent injury is established within the limitations period of Va. Code Ann. § 65.2-708.  Fluellen v. Fairfax County School Board, 95 WC UNP 1526422, VWC File No. 152-64-22 (May 17, 1995).  Accordingly, the Commission will retain "jurisdiction of this matter for the purpose of requiring a determination at a later date as to the extent of the employee's permanent partial disability."  Griffin v. Breeden Company, 63 O.I.C. 151 (1984), cited in Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 401 S.E.2d 213 (1991).  We therefore MODIFY the November 25, 1997 Opinion of the Deputy Commissioner insofar as it denied and dismissed the claim, and we will defer adjudication of this matter until such time as Sadler has reached maximum medical improvement for her permanent injury.
>
> This case is REMOVED from the Review Docket.

See also Robinson v. Super Fresh, 98 WC UNP 1732412 (1998).

-

Both of Brown's applications to put the matter on the hearing docket were filed under the same file number the commission assigned to the original case. That the March 1998 application "made no mention" of the earlier application does not change the fact, the significance of which the commission overlooked, that the original, timely application had not been "dismissed." As the commission ruled in <u>Sadler</u>, merely removing the matter from the hearing docket does not effect a dismissal of the claim. Thus, the fact that Brown reached maximum medical improvement on May 8, 1998 is not a bar to recovery because her original application was filed within the three-year limitation.

For these reasons, we reverse the commission's decision and remand for reconsideration consistent with these holdings.

<u>Reversed and remanded</u>.

-

Annunziata, J., dissenting.

I respectfully dissent from the majority opinion for the following reasons. The majority holds that jurisdiction was retained in this case because the September 30, 1997 decision by the deputy commissioner was an interlocutory and not a final order, a position wholly inconsistent with case precedent and commission practice.

In this case, Brown filed a timely claim for permanent partial disability benefits on January 9, 1997. On April 22, 1997, Brown submitted an application for an evidentiary hearing on her claim, which was held on September 11, 1997. The deputy commissioner heard the case on the merits and in her September 30, 1997 opinion, concluded that maximum medical improvement had not been reached. She accordingly denied the claim.[1] Case law supports this conclusion, defining a final order as "a decision . . . granting or denying . . . some benefit . . . ." Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985); Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 34, 422 S.E.2d 165, 167 (1992).

_____

[1] The deputy commissioner further ordered the case removed from the docket and noted in her order that the parties had twenty days to appeal the decision, making clear that the order was not interlocutory in nature. See Dancy v. Georgia Pacific Corp., 76 VWC 446, 448 (1997) ("[A] review of right exists only as to a final decision or award regarding a benefit allowable under the Act.").

-

Brown never appealed the decision denying her claim. Instead, she waited nearly two years and then filed another claim for permanent disability benefits on March 11, 1998. The commission has repeatedly held that where the claimant does not appeal a decision denying benefits, that order becomes final. See, e.g. Gibson v. Rusty's Welding Service, Inc., 76 VWC 373, 374 (1997) ("[T]he Deputy Commissioner denied the claim for permanent partial disability . . . on the ground that . . . claimant had not reached maximum medical improvement. Neither party requested Review of the Opinion of March 4, 1997, which is now final." (emphasis added)); Price v. Davis H. Elliot Co., No. 137-65-65 (Va. Workers' Comp. Comm'n Sept. 11, 1995) (holding that where claimant did not timely appeal denial of application for benefits the denial became final). This Court has affirmed that position. See McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993) ("If the application for review is not made within the twenty-day limitation period, the commission has no jurisdiction to review the matter . . . .").

The commission's finding is also wholly consistent with its prior holdings in which an affirmative and express decision to retain jurisdiction over a case must be reflected in its final order to permit a claimant whose claim for permanent partial disability benefits has been denied as "premature" and not thereafter appealed, to refile her claim and present evidence of maximum medical improvement to the commission after the passage

-

of the statutorily mandated time frame.  See e.g. Sadler v. Walter Reed Convalescent Ctr., No. 166-95-08 (Va. Workers' Comp. Comm'n July 15, 1998); Robinson v. Super Fresh, No. 173-24-12 (Va. Workers' Comp. Comm'n June 17, 1998); Combs v. Mackie J Coal Co., No. 159-42-03 (Va. Workers' Comp. Comm'n Nov. 18, 1994); Griffin v. Breeden Co., No. 583-167 (Va. Workers' Comp. Comm'n Apr. 27, 1984).  In short, whether to retain jurisdiction over a claim for permanent disability benefits in order to allow a claimant to submit proof that she has reached maximum medical improvement, is a matter lying within the discretion of the commission, which must affirmatively be exercised to be effective.  Where jurisdiction has not been expressly retained, the commission has made clear that subsequent claims must be filed within the limitations period.  See, e.g. Williams v. Chippenham Manor, No. 180-97-73 (Va. Workers' Comp. Comm'n Aug. 11, 1998) (ruling that claimant must file new claim within limitations period once maximum medical improvement is reached); Harris v. James River Cleaners, Inc., No. 169-12-53 (Va. Workers' Comp. Comm'n June 13, 1995) (ruling that claimant was not precluded from filing a "subsequent timely claim" once she had more evidence); Quesenberry v. Federal Mogul Blacksburg, No. 159-12-58 (Va. Workers' Comp. Comm'n Sept. 16, 1994) (ruling that claimant could file new claim once maximum medical improvement reached if filed within limitations period).  I have discerned no authority which supports the view that jurisdiction

-

is automatically retained over a claim which has been denied for failing to prove maximum medical improvement and which has not been appealed.

The majority's reliance on Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 510 S.E.2d 255 (1999) (en banc), rev'g 27 Va. App. 733, 501 S.E.2d 444 (1998), is misplaced. Gibson is cited for the proposition that the deputy commissioner's ruling in this case was not a final order and that the retention of jurisdiction upon a finding that a claim resting on proof of maximum medical improvement was premature is automatic. However, the question in Gibson was whether the issue raised by claimant was res judicata, not whether the claim was timely filed. Indeed, the procedural history in Gibson is instructive because the claimant in Gibson, like the claimant here, filed two claims for permanent partial disability benefits, the first of which was denied on the ground maximum medical improvement had not been reached, a finding that was not appealed, and accordingly was determined by the commission to be final. See id. at 126, 510 S.E.2d at 258-59; Gibson, 76 VWC at 374. However, Gibson filed his second application for permanent partial disability benefits, together with a doctor's report establishing that he had reached maximum medical improvement, one month after the first denial of benefits, and before the statute of limitations had run. See id. at 127, 510 S.E.2d at 259. The second claim was thus timely. The employer argued,

-

instead, that the issue was res judicata and that the second claim should be dismissed on that ground. The commission, construing the deputy commissioner's order as one that anticipated a later submission of evidence, found that the claim had not been fully adjudicated and thus was not res judicata.

In this case, the unappealed final order denying benefits did not retain jurisdiction, either by express language to that effect, see e.g. Griffin (deputy commissioner denied claim as premature and claimant appealed; on appeal commission agreed claim was premature, but expressly retained jurisdiction over claim), or by deferring adjudication of the matter, see, e.g., Sadler. The commission therefore properly decided, consistent with its historical practice and with the relevant case law, that the unappealed order denying benefits was final and that the refiled claim was time-barred.[2] In the absence of explicit language or other clear indicia of its intent to retain jurisdiction, I would affirm the commission's decision that Brown's claim is barred under Code § 65.2-708. See Gibson, 29

_____

[2] In the procedural history section of the amended opinion, the deputy commissioner referred to the January, 1997 application and the fact that the claim had been denied on September 30, 1997. In the section entitled "Present Proceeding," the deputy commissioner stated that "[t]his matter comes before the Commission on the Claim . . . filed on March 16, 1998 . . . ." In the section in which she concluded that Brown's claim was time-barred, the deputy commissioner stated, "[b]enefits were last paid to the claimant through January 12, 1994. The instant claim was not filed until March 16, 1998, more than 4 years later."

-

Va. App. at 130, 510 S.E.2d at 260 ("[T]he commission is entitled to interpret its own orders in determining the import of its decisions.").

Accordingly, I dissent from the majority's opinion.