COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Beales and Huff
Argued at Richmond, Virginia


DAVID'S TOWING & RECOVERY INC. AND
  COMMERCE AND INDUSTRY INSURANCE COMPANY
                                                       MEMORANDUM OPINION* BY
v.        Record No. 1609-11-2                        JUDGE WILLIAM G. PETTY
                                                           FEBRUARY 7, 2012
LARRY NEWCOMB


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              S. Vernon Priddy III (Two Rivers Law Group, P.C., on brief), for
              appellants.

              No brief or argument for appellee Larry Newcomb.


       David's Towing & Recovery Inc. and its insurance carrier (collectively "employer")

appeal the Workers' Compensation Commission's entry of a supplemental award in favor of the

claimant, Larry Newcomb, for permanent partial disability benefits, on account of an additional

10% loss of the use of claimant's right hand.  Employer argues that (1) the commission erred in

finding that claimant carried his burden of proving he was at maximum medical improvement

and that (2) the commission erred in awarding claimant additional permanent partial disability

benefits based on the treating physician's increase of claimant's disability rating for his right

wrist from 10% to 20%.  For the following reasons, we find no such errors in the commission's

findings or award.  Therefore, we affirm the commission's award.


_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

II.

A. Maximum Medical Improvement

First, employer contends that the commission erred in awarding additional benefits because claimant failed to prove that at the time of the supplemental award, he had reached maximum medical improvement. "The claimant has the burden of proving maximum medical improvement." Montalbano v. Richmond Ford, LLC, 57 Va. App. 235, 250, 701 S.E.2d 72, 79 (2010). "Permanent partial disability benefits are 'not awardable until the injury has reached a state of permanency, i.e. maximum improvement, when the degree of loss may be medically ascertained.'" Id. (quoting Brown v. United Airlines, Inc., 34 Va. App. 273, 277, 540 S.E.2d 521, 523 (2001)). "'[A]n employee has reached maximum medical improvement if no reasonable expectation exists that the employee will obtain further functional improvement from medical treatment, even though the injury remains symptomatic and disabling.'" Id. (alteration in original) (quoting Gunst Corp. v. Childress, 29 Va. App. 701, 707, 514 S.E.2d 383, 386 (1999)). "The commission's determination whether maximum medical improvement has been reached is a factual finding. Pursuant to statute, the commission's factual findings are conclusive

and binding on this Court when those findings are based on credible evidence." Id. (citation omitted). Questions of law, however, we review *de novo*. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc).

On March 4, 2010, the commission approved the parties' award agreement and entered an award in favor of claimant, based on an injury that occurred on June 22, 2009. This award provided claimant with medical benefits and temporary total disability benefits. Subsequently, based on a November 2009 medical report from the claimant's treating physician, the commission approved a second award agreement on April 30, 2010, entering an award providing claimant with permanent partial disability benefits for a 10% impairment of claimant's right hand. While claimant's treating physician did not specify that claimant had reached maximum medical improvement in his November 2009 report, the deputy commissioner in the instant proceedings below noted that "it is obvious the insurer considered the claimant to be at [maximum medical improvement] in accepting the doctor's rating [of 10% disability in claimant's right wrist] at that time."

In his June 2010 report, which was the basis for the supplemental award before us in this appeal, the treating physician stated that, due to arthritis, claimant's disability rating had increased to 20% impairment. Again, the physician did not specifically state that claimant had reached maximum medical improvement. Ultimately, the full commission reasoned that "[the treating physician's] uncontradicted opinion that the claimant's condition is deteriorating, coupled with the agreement of the parties to a permanent partial disability award in November of 2009, sufficiently establishes that the claimant had achieved [maximum medical improvement] status."

The evidence here supports the commission's finding that claimant carried his burden to prove he had reached maximum medical improvement. The parties agreed to the initial award of permanent partial disability benefits based on the original 10% disability rating. By agreeing to this award, employer was acknowledging that claimant had reached maximum medical improvement at that time. Although employer maintains that claimant's condition subsequently improved between his first and second examinations by his treating physician, the evidence supports the commission's finding that claimant's condition actually deteriorated during this time. The commission accepted the opinion of claimant's treating physician that although claimant's range of motion had improved between examinations, the worsening arthritis in claimant's wrist sufficiently outweighed the increased mobility to warrant a 10% increase in claimant's overall disability rating.

Because claimant's achievement of maximum medical improvement had already been established, and because the commission found that overall, claimant's wrist had gotten worse, not better, between examinations, there was no reason to require claimant to re-establish that he had reached maximum medical improvement to support his supplemental award. Indeed, employer has pointed us to no legal authority imposing such a requirement.[1] By definition, someone who is deteriorating is not improving. Accordingly, we hold that the commission did not err in declining to require new affirmative proof that claimant had reached maximum medical improvement at the time of his supplemental award.

---

[1] The argument section in employer's brief on this first assignment of error contains no citations to any legal authority besides citations regarding the standard of review and burden of proof.

B.  Increase in Disability Rating

Second, employer contends that the commission erred in giving claimant a supplemental award based on the treating physician's opinion.  Employer argues that the treating physician failed to express his opinion "to the required more-probably-than-not standard."  We disagree.

As is well settled, "'we do not judge the credibility of witnesses or weigh the evidence on appeal.'"  Artis, 45 Va. App. at 83, 608 S.E.2d at 517 (quoting Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985)).  "Rather, we are bound by the commission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding."  Id. at 83-84, 608 S.E.2d at 517 (emphasis in original) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)).  Furthermore,

> "[a] medical opinion based on a 'possibility' is irrelevant, purely speculative and, hence, inadmissible.  In order for such testimony to become relevant, it must be brought out of the realm of speculation and into the realm of reasonable probability; the law in this area deals in 'probabilities' and not 'possibilities.'"

State Farm Mut. Auto. Ins. Co. v. Kendrick, 254 Va. 206, 208-09, 491 S.E.2d 286, 287 (1997) (quoting Fairfax Hosp. Sys., Inc. v. Curtis, 249 Va. 531, 535, 457 S.E.2d 66, 69 (1995) (additional citation omitted)).

We conclude that the treating physician here expressed his opinion as a probability, not as a mere possibility.  Thus, the commission did not err in finding this opinion credible and in basing its supplemental award to claimant upon the physician's opinion.

The treating physician examined claimant in June 2010 and reported that his interpretation of three X-rays showed that "the intra-articular portion of [claimant's] fracture has

caused some increased post-traumatic arthritis in the mid-portion of his wrist joint." The physician diagnosed claimant with a developing "post-traumatic arthritis." The report also stated that

> [claimant] was told . . . that because of the x-ray we took here, we could definitely increase his degree of permanency in [his right] wrist to 20% rather than the 10% we gave him before. I would estimate his arm at a 20% loss as a result of the post-traumatic arthritis of the right wrist.

The commission found this opinion credible, noting that the treating physician "was obviously aware" that the range of motion in claimant's right wrist had improved. The commission reasoned that "[d]espite such improvement, [the treating physician] was nevertheless of the opinion that, at least in part as a result of worsening arthritis, a 10[%] increase in the claimant's permanent impairment was warranted." Although employer argues that the use of the terms "*could* definitely increase" and "*estimate*" indicate a lack of the requisite probability in the physician's opinion, this language as used in this context does not negate probability. All permanent partial disability ratings are medical estimates, and the fact that the physician said that "we could definitely increase [claimant's] degree of permanency" does not imply a mere possibility as opposed to a probability of claimant's increased disability. Viewing the evidence and its reasonable inferences in the light most favorable to claimant, the prevailing party below, see Artis, 45 Va. App. at 83, 608 S.E.2d at 517, we conclude that the commission was free to interpret the physician's language as expressing his medical opinion as a probability, and not as a mere possibility. Therefore, we hold that the commission did not err in finding the treating physician's report sufficient to prove that it was more probable than not that claimant's disability in his right wrist had increased from 10% to 20%. Accordingly, the commission did not err in basing its supplemental award to claimant on the treating physician's opinion.

III.

For the foregoing reasons, we affirm the commission's supplemental award to claimant.

Affirmed.